1   Gregory B. Thomas (SBN 239870)
    E-mail: gthomas@bwslaw.com
2   Temitayo O. Peters (SBN 309913)
    E-mail: tpeters@bwslaw.com
3   Michael A. Slater (SBN 318899)
    E-mail: mslater@bwslaw.com
4   BURKE, WILLIAMS & SORENSEN, LLP
    1901 Harrison Street, Suite 900
5   Oakland, CA 94612-3501
    Tel: 510.273.8780   Fax: 510.839.9104
6
7   Attorneys for Defendant
    COUNTY OF SUTTER, SHERIFF BRANDON
8   BARNES, COMMANDER DAN BUTTLER,
    LIEUTENANT NORMAN BIDWELL,
9   SERGEANT KRISTIE M. GARZA, and
    MARETTE COOPER (collectively "SUTTER
10  COUNTY DEFENDANTS")

                UNITED STATES DISTRICT COURT
11
                EASTERN DISTRICT OF CALIFORNIA
12

13  Estate of LINDA MILLER, by and through Minor     Case No.  2:20-cv-00577-KJM-DMC
    H.S., by and through his Guardian *ad Litem*,
14  RICHARD HYDE, as Administrator;                  [Assigned to the Honorable Kimberly J.
    CHRISTINA HYDE; and Minor Plaintiff H.S., by     Mueller – Courtroom 3]
15  and through his Guardian *ad Litem*, RICHARD
    HYDE,                                            **AMENDED STIPULATED
16                                                   PROTECTIVE ORDER; ORDER**
                 Plaintiffs,
17
    v.
18
    COUNTY OF SUTTER; COUNTY OF
19  NEVADA, SHERIFF BRANDON BARNES, in
    his individual capacity; SHERIFF SHANNON
20  MOON, in her individual capacity;
    COMMANDER DAN BUTTLER, in his
21  individual capacity; LIEUTENANT NORMAN
    BIDWELL, in his individual capacity;
22  SERGEANT KRISTIE M. GARZA, in her
    individual capacity; BRENDA FRANKS, in her
23  individual capacity; MARETTE COOPER, in her
    individual capacity; JEANETTE MULLENAX, in
24  her individual capacity; WELLPATH; H.I.G.
    CAPITAL, LLC; CALIFORNIA FORENSIC
25  MEDICAL GROUP (AKA Correctional Medical
    Group Companies, Inc. and AKA Wellpath);
26  TAYLOR FIFTHIAN, in his official and
    individual capacities; KIP HALLMAN, in his
27  official and individual capacities, and DOES 1-20,

28                Defendants.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4823-3138-1201 v2

Plaintiffs and Defendants, by and through their respective counsel, hereby stipulate for the purpose of jointly requesting that the honorable Court enter an amended protective order as to the privileged, confidential documents in this matter pursuant to Federal Rule of Evidence 26 and Eastern District Local Rules 140, 141, 141.1, 143 and 251 as follows:

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **DEFINITIONS**

2.1 **Challenging Party**: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 **"CONFIDENTIAL" Information or Items**: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including, but not limited to, information protected from disclosure by the Health Insurance Portability and Accountability Act of 1996, 45 C.F.R. §§ 160, *et. seq.* ("HIPAA").

2.3 **"CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items**: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection and includes confidential information that has not been made immediately

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4823-3138-1201 v2

- 2 -

2:20-CV-00577
STIPULATED PROTECTIVE ORDER;
PROPOSED ORDER

available to the general public by the plaintiffs, HIG, or their agents, and constitutes or discloses information which is proprietary in nature, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. "Attorneys" shall be limited to the counsel of record in this case and their support staff.

**2.4    Counsel (without qualifier)**: Outside Counsel of Record and House Counsel (as well as their support staff).

**2.5    Designating Party**: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

**2.6    Disclosure or Discovery Material**: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**2.7    Expert**: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

**2.8    House Counsel**: attorneys who are employees of a party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.9    Non-Party**: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.10    Outside Counsel of Record**: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

**2.11    Party**: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**2.12    Producing Party**: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

**2.13    Professional Vendors**: persons or entities that provide litigation support services

Burke, Williams & Sorensen, LLP
Attorneys At Law
Oakland

OAK #4823-3138-1201 v2

- 3 -

2:20-CV-00577
STIPULATED PROTECTIVE ORDER;
PROPOSED ORDER

1   (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and

2   organizing, storing, or retrieving data in any form or medium) and their employees and

3   subcontractors.

4       **2.14    Protected Material**: any Disclosure or Discovery Material that is designated as

5   "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

6       **2.15    Receiving Party**: a Party that receives Disclosure or Discovery Material from a

7   Producing Party.

8   **3.    <u>SCOPE</u>**

9       The protections conferred by this Stipulation and Order cover not only Protected Material

10   (as defined above), but also: (1) any information copied or extracted from Protected Material; (2)

11   all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

12   conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

13   However, the protections conferred by this Stipulation and Order do not cover the following

14   information: (a) any information that is in the public domain at the time of disclosure to a

15   Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as

16   a result of publication not involving a violation of this Order, including becoming part of the

17   public record through trial or otherwise; and (b) any information known to the Receiving Party

18   prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

19   obtained the information lawfully and under no obligation of confidentiality to the Designating

20   Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

21   **4.    <u>DURATION</u>**

22       Even after final disposition of this litigation, the confidentiality obligations imposed by

23   this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

24   order otherwise directs. Final disposition shall be deemed to be the later of:

25       **(1)**    dismissal of all claims and defenses in this action, with or without prejudice; and

26       **(2)**    final judgment herein after the completion and exhaustion of all appeals, re-

27   hearings, remands, trials, or reviews of this action, including the time limits for filing any motions

28   or applications for extension of time pursuant to applicable law.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4823-3138-1201 v2       - 4 -       2:20-CV-00577
STIPULATED PROTECTIVE ORDER;
PROPOSED ORDER

**5.     DESIGNATING PROTECTED MATERIAL**

**5.1     Exercise of Restraint and Care in Designating Material for Protection.**  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

**5.2     Manner and Timing of Designations.**  Except as otherwise provided in this Order (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

**(a)**     for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Oakland

OAK #4823-3138-1201 v2

- 5 -

2:20-CV-00577
STIPULATED PROTECTIVE ORDER;
PROPOSED ORDER

material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material.  If only a portion or portions of the material on a page for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

**(b)**     for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

**(c)**     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**(d)**     In the case of depositions, Designating Party may designate any portion of the deposition testimony given regarding the CONFIDENTIAL Information or CONFIDENTIAL - ATTORNEYS' EYES ONLY Information in this litigation as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY in this litigation as Confidential Information orally during the deposition.  Any questions intended to elicit testimony regarding the contents of the CONFIDENTIAL Information or CONFIDENTIAL - ATTORNEYS' EYES ONLY Information in this litigation as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY shall be conducted only in the presence of persons authorized to review the CONFIDENTIAL Information or CONFIDENTIAL - ATTORNEYS' EYES ONLY Information in this litigation as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY as

Burke, Williams & Sorensen, LLP
Attorneys At Law
Oakland

OAK #4823-3138-1201 v2

- 6 -

2:20-CV-00577
STIPULATED PROTECTIVE ORDER;
PROPOSED ORDER

provided in this Order as outlined in Section 7.2.  The portions of the deposition transcript containing such questions and testimony shall be separately bound and subject to the same protections and precautions applicable to the CONFIDENTIAL and CONFIDENTIAL - ATTORNEYS' EYES ONLY Information.

**5.3     Inadvertent Failures to Designate.**  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**5.4     Alteration of Confidentiality Stamp.**  A Receiving Party shall not alter, edit, or modify any Protected Material so as to conceal, obscure, or remove a "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" stamp or legend thereon; nor shall a Receiving Party take any other action so as to make it appear that Protected Material is not subject to the terms and provisions of this Stipulation and Order.  However, nothing in this section shall be construed so as to prevent a Receiving Party from challenging a confidentiality designation subject to the provisions of section 6, *infra*.

## 6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

**6.1     Timing of Challenges.**  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2     Meet and Confer.**  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4823-3138-1201 v2

- 7 -

2:20-CV-00577
STIPULATED PROTECTIVE ORDER;
PROPOSED ORDER

good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

**6.3**     **Judicial Intervention.**  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Oakland

OAK #4823-3138-1201 v2                                     - 8 -                    2:20-CV-00577
STIPULATED PROTECTIVE ORDER;
PROPOSED ORDER

7.      **ACCESS TO AND USE OF PROTECTED MATERIAL**

**7.1      Basic Principles.**  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2      Disclosure of "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items.**  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

**(a)**      the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A**;

**(b)**      the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

**(c)**      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

**(d)**      the court and its personnel;

**(e)**      court reporters, deposition videographers and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

Burke, Williams & Sorensen, LLP
Attorneys At Law
Oakland

OAK #4823-3138-1201 v2                    - 9 -                    2:20-CV-00577
STIPULATED PROTECTIVE ORDER;
PROPOSED ORDER

**(f)**   during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

**(g)**   any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and/or

**(h)**   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**(i)**   Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any material designed as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" under this Order ("Attorneys' Eyes Only Material") to those identified in Section 7.2 who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A** and to whom disclosure is reasonably necessary for this litigation.

**7.3**   **Notice of Confidentiality.**   Prior to producing or disclosing Protected Material/Confidential Documents to persons to whom this Stipulation and Order permits disclosure or production (see section 8.2, *supra*), a Receiving Party shall provide a copy of this Stipulation and Order to such persons so as to put such persons on notice as to the restrictions imposed upon them herein: except that, for court reporters, Professional Venders, and for witnesses being provided with Protected Material during a deposition, it shall be sufficient notice for Counsel for the Receiving Party to give the witness a verbal admonition (on the record, for witnesses) regarding the provisions of this Stipulation and Order and such provisions' applicability to specified Protected Material at issue.

## 8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4823-3138-1201 v2

- 10 -

2:20-CV-00577
STIPULATED PROTECTIVE ORDER;
PROPOSED ORDER

1    disclosure of any information or items designated in this action as "CONFIDENTIAL" or

2    "CONFIDENTIAL-ATTORNEYS' EYES ONLY" that Party must:

3        **(a)**    promptly notify in writing the Designating Party. Such notification shall include a

4    copy of the subpoena or court order;

5        **(b)**    promptly notify in writing the party who caused the subpoena or order to issue in

6    the other litigation that some or all of the material covered by the subpoena or order is subject to

7    this Protective Order. Such notification shall include a copy of this Stipulated Protective Order;

8    and

9        **(c)**    cooperate with respect to all reasonable procedures sought to be pursued by the

10    Designating Party whose Protected Material may be affected.

11        If the Designating Party timely seeks a protective order, the Party served with the

12    subpoena or court order shall not produce any information designated in this action as

13    "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" before a determination

14    by the court from which the subpoena or order issued, unless the Party has obtained the

15    Designating Party's permission.  The Designating Party shall bear the burden and expense of

16    seeking protection in that court of its confidential material – and nothing in these provisions

17    should be construed as authorizing or encouraging a Receiving Party in this action to disobey a

18    lawful directive from another court.

19        The purpose of this section is to ensure that the affected Party has a meaningful

20    opportunity to preserve its confidentiality interests in the court from whom the subpoena or court

21    order issued.

22    **9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN**

23        **THIS LITIGATION**

24        (a)    The terms of this Order are applicable to information produced by a Non-Party in

25    this action and designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES

26    ONLY."  Such information produced by Non-Parties in connection with this litigation is protected

27    by the remedies and relief provided by this Order.  Nothing in these provisions should be

28    construed as prohibiting a Non-Party from seeking additional protections.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4823-3138-1201 v2          - 11 -          2:20-CV-00577
STIPULATED PROTECTIVE ORDER;
PROPOSED ORDER

**(b)** In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

**(1)** promptly notify in writing the Requesting Party and the Non- Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

**(2)** promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

**(3)** make the information requested available for inspection by the Non-Party.

**(c)** If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A**.

## 11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently

Burke, Williams & Sorensen, LLP
Attorneys At Law
Oakland

OAK #4823-3138-1201 v2

- 12 -

2:20-CV-00577
STIPULATED PROTECTIVE ORDER;
PROPOSED ORDER

1    produced material is subject to a claim of privilege or other protection, the obligations of the

2    Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This

3    provision is not intended to modify whatever procedure may be established in an e-discovery

4    order that provides for production without prior privilege review.  Pursuant to Federal Rule of

5    Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

6    communication or information covered by the attorney-client privilege or work product

7    protection, the parties may incorporate their agreement in the stipulated protective order

8    submitted to the court.

9    **12.**    **MISCELLANEOUS**

10          **12.1**    **Right to Further Relief.**  Nothing in this Order abridges the right of any person to

11    seek its modification by the court in the future.

12          **12.2**    **Right to Assert Other Objections.**  By stipulating to the entry of this Protective

13    Order no Party waives any right it otherwise would have to object to disclosing or producing any

14    information or item on any ground not addressed in this Stipulated Protective Order.  Similarly,

15    no Party waives any right to object on any ground to use in evidence of any of the material

16    covered by this Protective Order.

17          **12.3**    **Filing Protected Material.**  Without written permission from the Designating

18    Party or a court order secured after appropriate notice to all interested persons, a Party may not

19    file in the public record in this action any Protected Material.  A Party that seeks to file under seal

20    any Protected Material must comply with Civil Local Rule 141.  Protected Material may only be

21    filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material

22    at issue.  Pursuant to Civil Local Rule 141, a sealing order will issue only upon a request

23    establishing that the Protected Material at issue is privileged, protectable as a trade secret, or

24    otherwise entitled to protection under the law.  If a Receiving Party intends to file Protected

25    Material with the Court, the Receiving Party must give the Producing Party at least seven days

26    notice so that the Producing Party can file a Request to Seal Documents.  If the Producing Party's

27    request to file Protected Material under seal pursuant to Civil Local Rule 141 is denied by the

28    court, then the Receiving Party may file the information in the public record pursuant to Civil

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4823-3138-1201 v2

- 13 -

2:20-CV-00577
STIPULATED PROTECTIVE ORDER;
PROPOSED ORDER

Local Rule 141 unless otherwise instructed by the court.

**12.4    Public Dissemination of Protected Material.**  A Receiving Party shall not publish, release, post, or disseminate Protected Material to any persons except those specifically delineated and authorized by this Stipulation and Order (see section 7, *supra*); nor shall a Receiving Party publish, release, leak, post, or disseminate Protected Material/Confidential Documents to any news media, member of the press, website, or public forum (except as permitted under section 12.3 regarding filings with the court in this action and under seal.)

**12.5    Redactions.**  The Protected Material produced pursuant to this Order will be redacted with respect to (i) social security numbers; (ii) dates of birth; (iii) financial information (including account numbers); (iv) driver's license numbers, (v) home addresses of law enforcement personnel, (vi) names of immediate family members of law enforcement personnel, and (vii) in all circumstances when state and/or federal law and/or local rule requires redaction.

**12.6    Order to Disclose.**  The parties agree that this court order authorizes the disclosure of documents containing information protected by HIPAA, which shall be subject to this protective order.

## 13.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material— whether retained by the Receiving Party or its Counsel, Experts, Professional Vendors, or any nonparty to whom the Receiving Party produced or shared such records or information. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material, regardless of the medium (hardcopy, electronic, or otherwise) in which such Protected Material is stored or retained.  In the alternative, at the discretion of the Receiving Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it – unless such Protected Material is an original, in which case, the Receiving Party must obtain the Producing Party's written consent before destroying such Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4823-3138-1201 v2                              - 14 -                    2:20-CV-00577
                                                                              STIPULATED PROTECTIVE ORDER;
                                                                              PROPOSED ORDER

1    Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that

2    (1) identifies (by category, where appropriate) all the Protected Material that was returned or

3    destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts,

4    compilations, summaries or any other format reproducing or capturing any of the Protected

5    Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

6    pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

7    correspondence, deposition and trial exhibits, expert reports, attorney work product, and

8    consultant and expert work product, even if such materials contain Protected Material.  Any such

9    archival copies that contain or constitute Protected Material remain subject to this Protective

10   Order as set forth in Section 4 (DURATION). This Court shall retain jurisdiction in the event that

11   a Designating Party elects to seek court sanctions for violation of this section.

12        **IT IS SO STIPULATED.**

13

14   Dated:  August 23, 2021                    BURKE, WILLIAMS & SORENSEN, LLP

15

16                                            By: /s/ Temitayo O. Peters
                                                 _____
17                                               Gregory B. Thomas
                                                 Temitayo O. Peters
18                                               Michael A. Slater
                                                 Attorneys for
19                                               SUTTER COUNTY DEFENDANTS

20   Dated:  August 23, 2021                    HADSELL STORMER RENICK & DAI LLP

21

22                                            By:  /s/  Hanna Chandoo
                                                 _____
23                                               Dan Stormer
                                                 Hanna Chandoo
24                                               Attorneys for Plaintiffs

25

26

27

28

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Oakland

OAK #4823-3138-1201 v2

- 15 -

2:20-CV-00577
STIPULATED PROTECTIVE ORDER;
PROPOSED ORDER

1    Dated:  August 23, 2021                SIEGEL, YEE, BRUNNER & MEHTA

2

3                                           By:  /s/ EmilyRose Johns

4                                               Dan Siegel
                                                EmilyRose Johns
5                                               Attorneys for Plaintiffs

6    Dated:  August 23, 2021                AKERMAN LLP

7

8                                           By:  /s/ Ellen S. Robbins

9                                               Ellen S. Robbins
                                                Evelina Gentry
10                                              Attorneys for
                                                H.I.G. CAPITAL, LLC

11

12   Dated:  August 23, 2021                RIVERA HEWITT PAUL LLP

13

14                                          By  /s/ Wendy Motooka

15                                              Jonathan B. Paul
                                                Wendy Motooka
                                                Attorneys for Defendants
16                                              COUNTY OF NEVADA, SHERIFF
                                                SHANNAN MOON, and SERGEANT
17                                              JEANNETTE MULLENAX

18   Dated:  August 23, 2021                THE LAW OFFICES OF JEROME M.
                                            VARANINI
19

20

21                                          By:  /s/ Jerome M. Varanini

22                                              Jerome M. Varanini
                                                Attorneys for Defendants
                                                BRENDA FRANKS, CALIFORNIA
23                                              FORENSIC MEDICAL GROUP, and
                                                WELLPATH

24

25

26

27

28

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Oakland

OAK #4823-3138-1201 v2                      - 16 -                    2:20-CV-00577
                                                          STIPULATED PROTECTIVE ORDER;
                                                                      PROPOSED ORDER

1    Dated:  August 23, 2021                BERTLING LAW GROUP, INC.

2

3                              By: /s/ Jemma Parker Saunders

4                                  Peter G. Bertling
                                    Jemma Parker Saunders

5                                  Attorneys for Defendant
                                  TAYLOR FITHIAN, M.D.

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Oakland

OAK #4823-3138-1201 v2           - 17 -                2:20-CV-00577
STIPULATED PROTECTIVE ORDER;
PROPOSED ORDER

1    Gregory B. Thomas (SBN 239870)
     E-mail:  gthomas@bwslaw.com
2    Temitayo O. Peters (SBN 309913)
     E-mail:  tpeters@bwslaw.com
3    Michael A. Slater (SBN 318899)
     E-mail:  mslater@bwslaw.com
4    BURKE, WILLIAMS & SORENSEN, LLP
     1901 Harrison Street, Suite 900
5    Oakland, CA  94612-3501
     Tel:  510.273.8780   Fax:  510.839.9104
6
     Attorneys for Defendant
7    COUNTY OF SUTTER, SHERIFF BRANDON
     BARNES, COMMANDER DAN BUTTLER,
8    LIEUTENANT NORMAN BIDWELL,
     SERGEANT KRISTIE M. GARZA, and
9    MARETTE COOPER (collectively "SUTTER
     COUNTY DEFENDANTS")
10

11                    UNITED STATES DISTRICT COURT

12                    EASTERN DISTRICT OF CALIFORNIA

13   Estate of LINDA MILLER, by and through       Case No.  2:20-cv-00577-KJM-DMC
     CHRISTINA HYDE, as Administrator;
14   CHRISTINA HYDE; and Minor Plaintiff H.S., by  **AMENDED STIPULATED**
     and through his Guardian ad Litem, RICHARD    **PROTECTIVE ORDER; ORDER**
15   HYDE,
                                                   First Amended Complaint filed May 22,
16                        Plaintiffs,                            2020

17   v.

18   COUNTY OF SUTTER; COUNTY OF
     NEVADA, SHERIFF BRANDON BARNES, in
19   his individual and official capacities; SHERIFF
     SHANNON MOON, in her individual and official
20   capacities; COMMANDER DAN BUTTLER, in
     his individual and official capacities;
21   LIEUTENANT NORMAN BIDWELL, in his
     individual capacity; SERGEANT KRISTIE M.
22   GARZA, in her individual capacity; BRENDA
     FRANKS, in her individual capacity; MARETTE
23   COOPER, in her individual capacity; JEANETTE
     MULLENAX, in her individual capacity;
24   WELLPATH; H.I.G. CAPITAL, LLC;
     CALIFORNIA FORENSIC MEDICAL GROUP
25   (AKA Correctional Medical Group Companies,
     Inc. and AKA Wellpath); TAYLOR FIFTHIAN;
26   and DOES 1-20,

27                        Defendants.

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4823-3138-1201 v2

2:20-CV-00577
STIPULATED PROTECTIVE ORDER;
PROPOSED ORDER

1    The Amended Stipulated Protective Order for Confidential Documents filed with this Court

2  on August 23, 2021 is the order of this Court.

3  **IT IS SO ORDERED.**

4

5  **Dated:  August 24, 2021**

6  _____
   DENNIS M. COTA
7  UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Oakland

OAK #4823-3138-1201 v2                                        - 2 -

2:20-CV-00577
STIPULATED PROTECTIVE ORDER;
PROPOSED ORDER