1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTINA HYDE, et al., | No.  2:20-CV-0577-DJC-DMC |
| Plaintiffs, | |
| v. | ORDER |
| COUNTY OF SUTTER, et al., | |
| Defendants. | |

Plaintiffs, who are proceeding with retained counsel, bring this civil action. Pending before the Court is Defendants' motion to compel compliance with a subpoena for records served on non-party ShareCare Health Data Services (ShareCare).  See ECF No. 117. The subpoena and motion were properly served on ShareCare, which failed to respond.  A hearing was held via Zoom before the undersigned on April 19, 2023, at 10:00 a.m.  Counsel for all parties appeared.  There was no appearance on behalf of ShareCare.

On April 11, 2022, Defendant County of Sutter served ShareCare with a subpoena for production of documents pursuant to Federal Rule of Civil Procedure 45.  See ECF No. 117, pg. 3.  The subpoena listed a response deadline of May 2, 2022.  See id.  On October 21, 2022, after Defendant did not receive any response to the subpoena, Defendant sent ShareCare a meet-and-confer letter.  See id.  Defendant asked ShareCare to respond by November 9, 2022, to avoid the instant motion to compel.  See id.  ShareCare did not respond.  See id.  On January 24, 2023,

Defendant sent ShareCare a second meet-and-confer letter.  See id.  This letter requested a response by February 21, 2023.  See id. at 4.  Again, ShareCare did not respond.  See id.  On March 23, 2023, Defendant sent a third meet-and-confer letter to ShareCare indicating that the instant motion would be filed if ShareCare did not contact defense counsel to discuss the subpoena by 4:30 p.m. on March 30, 2023.  See id.  As of March 31, 2023, ShareCare had not responded and Defendant County of Sutter filed its motion to compel.  See id.

Under Rule 45(d)(3), a party to which a subpoena is directed may move for an order quashing the subpoena.  Otherwise, the party must respond.  See Fed. R. Civ. P. 45(e).  Here, ShareCare never moved to quash the subpoena and did not respond.  Nor has ShareCare served objections to the subpoena.  Instead, it appears ShareCare has simply ignored a properly issued subpoena, which this Court will not countenance.

Rule 45(d)(2)(A)(i) permits a party who has served a non-party subpoena to move to compel compliance with the subpoena.  Rule 45(g) permits the Court to hold a non-party who fails to comply with a subpoena in contempt, including a finding that any objections have been waived.  See MetroPCS v. Thomas, 327 F.R.D. 600, 607 (N.D. Tex. 2018).  Given ShareCare's complete disregard for the subpoena issued by Defendant County of Sutter, and pursuant to Rule 45(g), the Court finds that ShareCare is in contempt of Court.  The Court further finds that ShareCare has waived any objections to the subpoena.  ShareCare will now be ordered by this Court to respond to Defendant County of Sutter's April 11, 2022, subpoena.  ShareCare is cautioned that failure to comply will result in the imposition of monetary sanctions, including an order to pay Defendant's reasonable expenses as well as an order directing ShareCare to pay a contempt sanction to the Court.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

2

Accordingly, IT IS HEREBY ORDERED that:

1.     Defendant County of Sutter's unopposed motion to compel, ECF No. 117, is granted.

2.     ShareCare is in contempt of Court for failure to comply with Defendant County of Sutter's April 11, 2022, subpoena.

3.     All objections to the April 11, 2022, subpoena are deemed waived.

4.     ShareCare shall serve a response to Defendant's April 11, 2022, subpoena, without objections, and produce responsive documents within 30 days of the date of this order.

5.     Defendant County of Sutter is directed to serve a copy of this order on ShareCare.

Dated:  April 23, 2023

_____

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE