IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA HYDE, et al., | No. 2:20-CV-0577-DJC-DMC |
| Plaintiffs, | |
| v. | <u>ORDER</u> |
| COUNTY OF SUTTER, et al., | |
| Defendants. | |

Plaintiffs, who are proceeding with retained counsel, bring this civil action. Pending before the Court are: (1) Defendants' motion to compel minor Plaintiff H.S. to submit to an independent mental examination (IME), ECF No. 175; and (2) Defendants' motion to compel minor Plaintiff H.S. to submit to a deposition, ECF No. 176. The parties have filed joint statements regarding both motions, ECF Nos. 177 and 178. Plaintiffs' counsel has also filed separate declarations with exhibits, ECF Nos. 179 and 180. The parties appeared before the undersigned on January 10, 2024, for a hearing on both pending motions. Emily Rose Johns, Esq., Hanna Chandoo, Esq., Temitayo Peters, Esq., Mark Berry, Esq., Kathleen Rhoads, Esq., and Wendy Motooka, Esq., present. After considering the arguments of counsel, the matters were submitted.

/ / /

/ / /

## I. BACKGROUND

This is a civil rights action arising from the in-custody death of Linda Miller, the mother of minor Plaintiff H.S., at the Sutter County Jail on April 20, 2019. Plaintiff H.S. seeks, among other things, damages for "extreme emotional distress." ECF No. 104 (third amended complaint). Following meet and confer efforts and an informal discovery conference, the parties reached an agreement regarding certain limitations to be placed on a deposition of minor Plaintiff H.S. See ECF No. 160-1, pg. 9. Thereafter, the parties agreed that minor Plaintiff H.S. would appear for a deposition on October 4, 2023. See id. On October 3, 2023, however, at 8:57 p.m., Plaintiffs' counsel notified defense counsel that minor Plaintiff H.S. would not appear at his deposition set for the following day because Plaintiffs had decided that H.S. would not testify at trial. See id. Further meet and confer efforts ensured but failed to result in any agreement concerning H.S.'s deposition.

During the further meet and confer efforts, defense counsel learned on October 19, 2023, that Plaintiffs intended to introduce expert testimony to support H.S.'s emotional distress claim. See ECF No. 160-2, pg. 9.

As to scheduling, the District Judge issued an order approving the parties' stipulation for modification of the case schedule. See ECF No. 145. Pursuant to this order, fact discovery was set to be completed by September 9, 2023, expert discovery was set to be completed by March 1, 2024, and the last day to hear dispositive motion was set for July 10, 2024. See id. On September 14, 2023, the District Judge extended the time to conduct fact discovery to October 9, 2023, for the limited purpose of completing certain depositions, including the deposition of minor Plaintiff H.S. See ECF No. 149. No other deadlines were changed. See id.

On November 2, 2023, Defendants filed a motion to re-open fact discovery and to continue the deadline for completion of expert discovery. See ECF No. 160. The motion was heard by the District Judge on November 30, 2023. See ECF No. 173 (minutes). The District Judge granted Defendants' request to re-open non-expert fact discovery for the limited purpose of Defendants seeking the deposition and/or IME of H.S. See id. The District Judge's ruling does

1  not mention any extension of the deadline to complete expert discovery, which remains March 1,
2  2024.  See id.  Defendants were directed to file any motions to compel H.S.' deposition and/or
3  IME within 10 days.  See id.  The currently pending motions, which were timely filed, followed.
4          The same day the currently pending motions were heard at oral argument –
5  January 10, 2024 – the parties filed a stipulation to refer this matter to a judicially-supervised
6  settlement conference.  See ECF No. 183.  On January 16, 2024, the District Judge approved the
7  parties' stipulation and set a settlement conference before Magistrate Judge Carolyn K. Delaney
8  on March 1, 2024.  See ECF No. 185.
9
10         **II.  DISCUSSION**
11         As discussed further below, the Court finds that Defendants are entitled to both an
12 IME and deposition of minor Plaintiff H.S.  Defendants' motions will be granted.  The parties
13 will also be directed to meet and confer regarding agreed modifications of the schedule for this
14 case to allow for the discover being permitted or, if no agreement can be reached, submission of
15 separate statements concerning scheduling.
16         **A.**    **IME**
17         The Court may order an IME under Federal Rule of Civil Procedure 35 where a
18 party's mental or physical condition is in controversy.  See Fed. R. Civ. P. 35(a)(1).  The purpose
19 of an IME is to equal the footing of the parties to evaluate a party's mental or physical state.  See
20 Tomlin v Holecek, 150 F.R.D. 628, 233 (D. Minn. 1993).  Defendants assert in their motion to
21 compel that they first learned in October 2023 that Plaintiffs intended to introduce expert
22 testimony to support H.S.'s mental damages claims.  See ECF No. 177, pg. 10.  Plaintiffs argue
23 that Defendants' request for an order compelling Plaintiff H.S. to attend an IME is untimely
24 because an IME cannot take place after the deadline for initial expert disclosures, which in this
25 case was November 13, 2023.  See id. at 12-13 (citing Minnard v. Rotech Healthcare Inc., 2008
26 WL 150502, at *2 (E.D. Cal. 2008)).  Plaintiffs conclude that Defendants have failed to act with
27 due diligence in seeking an IME of H.S. because the deadline to disclose expert witnesses has
28 passed.  See id. at 13 (citing Montemayor v. City of Los Angeles, 2022 WL 1688522, at *2 (C.D.

Cal. 2022). Plaintiffs also contend that Defendants failed to meet and confer regarding the IME dispute. See id.

The operative third amended complaint in this case was filed on July 22, 2022. See ECF No. 104. In this pleading, Plaintiff clearly allege that Plaintiff H.S. is seeking damages for, among other things, emotional pain and emotional distress, including anxiety and trauma. See id. at 62. Thus, Defendants have been on notice since July 2022 of the nature of H.S.'s claimed damages but failed to seek an IME until late 2023 on the eve of the expert disclosure deadline in November 2023. However, at the hearing, it was revealed that Plaintiffs had previously obtained an IME of Plaintiff H.S. This fact was not made clear in the briefs. Given that Plaintiffs and their experts have the advantage of IME results, the Court cannot in fairness deny Defendants access to similar evaluation by their experts.

Defendants' motion to compel Plaintiff H.S. to submit to an IME will be granted subject to the conditions agreed to by the parties and outlined below.

**B.   Deposition**

The issue of H.S.'s deposition was the subject of informal discovery conferences with the parties in August 2023. The parties entered into a stipulation on September 13, 2023, to limit the scope of any deposition of H.S. "to his memories of his mother, what he misses about his mother, and the emotional impact of his mother's absence on his life." See ECF No. 148, pg. 4. The stipulation provided that, if called at trial, H.S.'s testimony would be limited to these topics. See id. The stipulation also provided that H.S.'s deposition "will be strictly limited to these same topics." Id.

Plaintiffs now argue that there is no longer any need to take H.S.'s deposition because Plaintiffs have now decided not to call H.S. as a trial witness and that the Court's tentative ruling should stand. See ECF No. 178. Defendants contend that, even though Plaintiffs will not be calling H.S. as a trial witness, they are nonetheless entitled to depose H.S. to ascertain the nature and extent of the claimed emotional damages. See id.

Defendants' motion to compel will be granted consistent with the parties' September 13, 2023, stipulation and other limitations agreed to by the parties during the course of

meet-and-confer efforts. The September 13, 2023, stipulation was entered into following the informal discovery conferences in August 2023 and clearly contemplates that Plaintiff H.S. would submit to a limited deposition. The stipulation also contemplates that, at the time it was entered into by counsel, the issue of whether Plaintiff H.S. would ultimately be called as a trial witness remained unresolved. The stipulation will be enforced.

At the hearing on January 10, 2024, the parties represented that additional limitations had been agreed to, as memorialized at ECF No. 160-2, pg. G-05 (Peters declaration, Exhibit G, pg. 5). These additional limitations shall be incorporated into the Court's order below.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendants' motion to compel Plaintiff H.S. to submit to an IME, ECF No. 175, is GRANTED.

2. Defendants' motion to compel Plaintiff H.S. to attend a deposition, ECF No. 176, is GRANTED.

3. As previously agreed by the parties, the IME permitted herein shall be broken into two sessions of not more than three hours each, a non-attorney representative of H.S. shall be permitted to be present, and the IME will be permitted to occur by remote means consistent with a schedule allowed by H.S.'s school schedule.

4. As previously agreed by the parties, the deposition of H.S. shall be subject to the following limitations:

    a. Topics shall be limited to H.S.'s memories of his mother, what H.S. misses about his mother, and the emotional impact of his mother's absence on his life.

    b. A limit of two hours of examination on the record, with a petition additional hour is needed and subject to Judge Cota's approval at the time of the deposition.

    c. All non-questioning attorneys will have their cameras off.

    d. A neutral third-party support person may be present if Ms. Hyde cannot be.

  e. All persons with H.S. (counsel and support person) may have their cameras on.

  f. One defense attorney will be permitted to attend the deposition in person.

  g. Neither party will show H.S. documents in which he is not depicted or of which he is not the author.

  h. H.S.'s deposition will occur at a time that does not interfere with school hours.

  i. H.S.'s deposition will occur in a neutral location, such as a court reporter's office.

5. To the extent the parties have not yet met and conferred regarding a stipulated modification of the schedule for this case to allow for the limited extension of fact and expert discover to allow for the discovery ordered herein, the parties are granted an extension of time to seven (7) days from the date of this order to: (a) submit a stipulated request for modification of the schedule; or (b) submit separate scheduling statements regarding modification of the deadlines to complete fact and expert discovery.

Dated:  January 31, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE