UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ESTATE OF LINDA MILLER, et al.,

Plaintiffs,

v.

COUNTY OF SUTTER; et al.,

Defendants.

No. 2:20-cv-00577-DJC-DMC

ORDER

Plaintiffs bring the instant action against Defendants County of Sutter, Brandon Barnes, Dan Butler, Norman Bidwell, Kristie M. Garza, California Forensic Medical Group, Wellpath, and Ashley Moseley following the suicide of Linda Miller while she was incarcerated.  Among the Plaintiffs is Miller's minor son, H.S., by and through his Guardian ad Litem, Richard Hyde.  Defendants do not oppose Plaintiffs' Motion.  For the reasons stated below, the Court finds the compromise and settlement fair and reasonable and will therefore GRANTS Plaintiffs' Motion.

**BACKGROUND**

The facts and procedural posture are known by the Parties.  Linda Miller died in the Sutter County Jail in April 2019.  (Mot. Minor's Compromise ("Mot.") (ECF No. 226-1) at 1.)  Plaintiffs minor H.S. by and through his Guardian *ad Litem* Richard Hyde, as

1

the Administrator of the Estate of Linda Miller, and Plaintiff Christina Hyde filed suit against Defendants following Linda Miller's death. (*See generally* TAC (ECF No. 104).) The TAC alleged violations of Plaintiffs' civil rights under the First and Fourteenth Amendments and violations of California state law. (*Id.*)

The Parties participated in a mandatory settlement conference in March 2024, which was unsuccessful, but after continued efforts in private mediation and beyond, reached a settlement. (Johns Decl. (ECF No. 224-2) ¶¶ 12–16.) The Plaintiffs then filed the instant Motion for Approval of Settlement of a Minor. Defendants do not oppose the Motion. The matter was submitted without argument (ECF No. 228).

## LEGAL STANDARD

No claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise. E.D. Cal. L.R. 202(b). The Local Rules require that the motion for approval of a proposed minor's compromise disclose, among other things: (1) the age and sex of the minor, (2) the nature of the causes of action to be settled or compromised, (3) the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, (4) the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise amount, and (5) if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent. *See id.*

Further, the Ninth Circuit held in *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) that Federal Rule of Civil Procedure 17(c) imposes a "special duty" on district courts approving a minor's compromise. "[T]his special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (citations omitted). However, this "special duty" has a limited scope of review, asking only, "whether the net recovery of each minor plaintiff

is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs' counsel." *Id.* at 1182. "If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as presented. . . ." *Id.* In making this determination, "courts typically consider such information as the relative worth of the settlement amount, the circumstances of the settlement, counsel's explanation of their views and experiences in litigating these types of actions, and other similar compromises that have been approved by courts." *Rivett v. United States,* No. 2:21-cv-00717-DAD-AC, 2023 WL 4238909, at *2 (E.D. Cal. June 28, 2023) (collecting cases where the procedural posture was considered, the fact that the settlement occurred at a court-supervised settlement conference was considered, and other compromise were considered). While the Ninth Circuit limited its holding in *Robidoux* to cases involving the settlement of a minor's federal claims, district courts have applied the *Robidoux* standard to cases involving the settlement of both federal and state claims. *See Sandoval v. City of Los Angeles,* No. 2:18-cv-10715-FLA-PLA, 2022 WL 22870074, at *1 (C.D. Cal. Aug. 8, 2022).

## TERMS OF SETTLEMENT

The negotiated settlement provides that all claims brought by Plaintiffs in this matter against Defendants will be resolved. (Mot. at 3.) Under the terms of the settlement a total of $1,500,000 will be paid to Plaintiffs. (*Id.* at 3,4.) Plaintiffs have agreed that two thirds of the settlement, or $1,000,000, shall be distributed to minor Plaintiff H.S., and one third, or $500,000 shall be distributed to Plaintiff Christina Hyde. (*Id.* at 4.) The settlement also provides that any costs advanced by Plaintiffs' counsel will be paid by Plaintiffs out of Plaintiffs' share of any settlement recovery. (*Id.*) The costs in this case amount to $159,735.50. (*Id.*) Plaintiffs' counsel are to receive $600,000 in attorney's fees. (*Id.* at 5.) After attorneys' fees and costs are subtracted, Plaintiff H.S. shall receive a net total of $493,337.70 and Plaintiff Christina Hyde shall

receive $246,748.81. (*Id.* at 4.)  The funds for Plaintiff H.S. will be deposited into a blocked, special needs trust account (Johns Supp. Decl. (ECF No. 242) ¶ 3.)

## DISCUSSION

### I.    Local Rule 202(b)(2)

Plaintiffs must provide each of the disclosures required by Local Rule 202(b)(2). Here, the Court is able to determine the age and sex of the minor, the nature of the causes of action settled, the facts and circumstances, and the information about the manner in which the compromise amount was reached.  The Court is satisfied that the Local Rule 202(b)(2) requirements are met.

### II.    Reasonableness of Settlement

Here, the net settlement amount for Plaintiff H.S. is $493,337.70, which will be placed in a special needs trust account.  Plaintiffs have included a citation to *Neitzel v. Cty. of Marin,* No. 3:05-cv-03128-JL, 2006 WL 3334933 (N.D. Cal. Nov. 16, 2006), involving a settlement where an incarcerated individual experiencing mental illness attempted suicide.  There, the plaintiff was appointed a conservator and the Court examined a gross settlement of $300,000 where the plaintiff would recover approximately $93,043. *Id.* at *1.  Although the facts in *Neitzel* are somewhat similar, the court ultimately ordered further briefing on the question of the reasonableness of attorney's fees. *Id.* at *3.  Plaintiff also references *MAP v. City of Bakersfield,* No. 1:08-cv-0540-DLB, 2009 WL 179771 (E.D. Cal. Jan. 23, 2009).  That case is not similar to the circumstances here, as *MAP* involved a minor who suffered physical and emotional injuries from being bit on the head by a police dog when they entered his home.[1] *Id.* at *1.

Upon the Court's own review of the caselaw, it appears that Courts have approved minor's compromises in cases alleging violations of section 1983 and/or wrongful death for amounts less than what Plaintiff H.S. is set to receive here.  *See G.B.*

[1] Given the discrepancies between Plaintiffs' citations and the Court's review of the cases, Plaintiffs are reminded of their obligations under Federal Rule of Civil Procedure 11.

*v. United States,* No. 2:21-cv-08071-GW-AS, 2023 WL 12214986, at *4 (approving a minor's compromise with a net recovery of $34,516.83 where the minor plaintiff's family member's opiate dependence and withdrawal symptoms were improperly treated while she was incarcerated and she committed suicide in her cell); *Hagan v. Cal. Forensic Med. Grp.,* No. 2:07-cv-01095-LKK, AC, 2013 WL 461501, at *1 (E.D. Cal. Feb. 5, 2013) (recommending approval of a minor's compromise of $15,000 to a plaintiff whose father died after being denied medication while in custody), *report and recommendation adopted,* 2013 WL 552386 (E.D. Cal. Feb. 12, 2013); *see also E.R. v. County of Stanislaus,* No. 1:14-cv-00662-DAD-SKO, 2016 WL 3354334 (E.D. Cal. June 16, 2016) (approving a net settlement of $19,000 for the wrongful death of a parent in custody). Accordingly, the Court concludes the settlement amount is fair and reasonable as to Plaintiff H.S.

Additionally, the Court assesses the proposed method of distributing the settlement. Local Rule 202(e) requires money or property recovered on behalf of a minor to be "(1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor or incompetent person." E.D. Cal. L.R. 202(e). Here, Plaintiffs explain that the funds will be deposited first in the Hadsell Stormer Renick & Dai LLP Client Trust Account, from there, the amount due to Plaintiff H.S. will be deposited into a special needs trust. (Johns Supp. Decl. (ECF No. 242) ¶¶ 2,3.) The trust was created pursuant to 42 U.S.C. § 1396p(d)(4)(C) of the Social Security Act and states that it is governed by the laws of the United States and California. (ECF No. 242, Ex. A.) The purpose of the trust is to create a special needs trust for the benefit of each beneficiary. (*Id.*) The trust is already established (*see* (ECF No. 240-1) ¶ 7), and the Court finds that the proposed method of distribution is fair and reasonable.

Lastly, the Court notes that Plaintiffs' counsel will receive 40% from each Plaintiff's gross settlement amount, totaling $600,000.  Additionally, the total costs taken from the gross settlement are $159,735.50.  Under *Robidoux,* this Court's focus is limited to "whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiff's counsel."  638 F.3d at 1182.

Based on the information provided in the motions and supporting documents and considering the totality of the facts and circumstances of this case, as well as the results achieved in comparable cases in the Ninth Circuit, the Court finds the proposed settlements fair, reasonable, and in the best interest of Plaintiff H.S.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's Unopposed Motion for Approval of Settlement of a Minor is GRANTED (ECF No. 226-1);

2.  The compromise and settlement of the claims of minor Plaintiff H.S., with the minor receiving gross settlement proceeds of $1,000,000, is HEREBY APPROVED as fair and reasonable and in the best interest of the minor Plaintiff;

3.  Defendant shall prepare and deliver the settlement fund proceeds;

4.  Upon receipt of the settlement funds, Plaintiffs' counsel shall transfer the portion of the settlement funds for the minor to the special needs trust, described in the Declaration of EmilyRose Johns (ECF No. 242), within fourteen (14) days of receipt of the settlement funds; and

5.  Within sixty (60) days of entry of this Order, the Parties shall file a stipulated dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) or file a Joint Status Report explaining why a stipulated dismissal has not been filed;

6. As a result of this Order, the Court DISMISSES ECF Nos. 205, 206, 207 and 208 as moot.

IT IS SO ORDERED.

Dated:  **March 31, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC6 – MILLER20cv00577.mc_v1

7